ORAL ARGUMENT HELD ON APRIL 7, 2022
DECISION ISSUED ON MAY 26, 2023

# In the United States Court of Appeals for the District of Columbia Circuit

## Nos. 20-1512 and 21-1040 (consolidated)

—————

SIERRA CLUB, *ET AL.*,
*Petitioners,*

*v.*

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent.*

—————

ON PETITIONS FOR REVIEW OF ORDERS OF THE
FEDERAL ENERGY REGULATORY COMMISSION

—————

## RESPONDENT FEDERAL ENERGY REGULATORY COMMISSION'S NOTICE OF INTERVENING EVENTS AND MOTION TO DISMISS THE PETITIONS FOR REVIEW

—————

Respondent Federal Energy Regulatory Commission hereby

moves, pursuant to Federal Rule of Appellate Procedure 27 and Circuit

Rule 27, to dismiss the consolidated petitions for review.  After this

Court entered its judgment, but before the mandate issued, Congress

ratified and approved the Commission orders challenged by the

petitions and superseded any previously applicable law to the contrary.

In doing so, it rendered the petitions moot. Where, as here, jurisdiction is lost after a decision is published, but before the mandate has issued, this Court's "standard practice" is to dismiss and vacate its prior order. *Clarke* v. *United States*, 915 F.2d 699, 706 (D.C. Cir. 1990) (en banc) (vacating panel opinion and ordering dismissal of claims after post-judgment mooting event).

## BACKGROUND

***The Court's Opinion***:  On May 26, 2023, the Court issued an opinion that dismissed or denied most of Petitioners' challenges to the Commission orders approving the resumed construction of, and extending the completion date for, the Mountain Valley Pipeline Project ("Project"). *See Sierra Club v. FERC*, 68 F.4th 630, 636 (D.C. Cir. 2023). But it also remanded some of the challenged orders without vacatur, concluding that the Commission had not adequately explained its decision not to prepare a supplemental environmental impact statement regarding sedimentation impacts. *Id*. at 652. The Court extended the deadline for seeking rehearing of that decision until July 31, 2023. *See* July 7, 2023 Order [Dkt. No. 2006871].

***The Fiscal Responsibility Act of 2023***:  On June 3, 2023,

Congress enacted new legislation to "[e]xpedit[e] [c]ompletion of" the

Project, as part of the Fiscal Responsibility Act, *see* Pub. L. No. 118-5,

§ 324, 137 Stat. 10, 47 (2023).  (A copy of Section 324 is included in the

Addendum accompanying this motion at A-1.)[1]  In Section 324(b) of the

Act, Congress made findings that the "timely completion of construction

and operation of the Mountain Valley Pipeline is required in the

national interest."  § 324(b).

In Section 324(c)(1), Congress "ratifie[d] and approve[d]" all

administrative approvals "necessary for the construction and initial

operation at full capacity of the Mountain Valley Pipeline."  § 324(c)(1).

Congress also "direct[ed] . . . the Federal Energy Regulatory

Commission . . . to continue to maintain" "any . . . approvals or orders

issued pursuant to Federal law necessary for the construction and

initial operation at full capacity of the Mountain Valley Pipeline."

§ 324(c)(2).

Section 324(e)(1) further provides that "no court shall have

jurisdiction to review any action taken by" the Commission (or other

---

[1] Citations to "A-___" refer to the Addendum.

specified agencies) "necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline . . . whether issued prior to, on, or subsequent to the date of enactment of this section, and including any lawsuit pending in a court as of the date of enactment of this section." § 324(e)(1).

Finally, subsection (f) provides that Section 324 "supersedes any other provision of law . . . that is inconsistent with the issuance of any . . . approval for the Mountain Valley Pipeline." § 324(f).

***The Commission's June 28 Order***:  On June 28, 2023, the Commission granted the request of Mountain Valley Pipeline, LLC ("Mountain Valley") to move forward with "all remaining construction associated with the project." *Mountain Valley Pipeline, LLC*, 183 FERC ¶ 61,221, P 10 (2023) ("June 28 Order"), A-6.  The Commission explained that, in Section 324(c), "all issued Federal authorizations for the Mountain Valley Pipeline Project have been ratified by Congress." *Id*. P 9.  The Commission also found that ratification "includes the authorizations subject to the remand" in this case.  *Id*.  The Commission thus apprised the parties that, upon remand, "no further action . . . is necessary and none will be forthcoming."  *Id*.

The Commission's June 28, 2023 order is final. No petition for agency rehearing was filed within 30 days of its issuance, and therefore the order is not subject to judicial review. *See* 15 U.S.C. §§ 717r(a)-(b).

***Related Litigation***: Issues relating to Section 324 are being litigated in a number of judicial fora. In this circuit, the question of whether the Act compels dismissal of pending Project-related cases is being briefed in *Appalachian Voices v. FERC*, Nos. 22-1330, *et al.* (in response to Mountain Valley's motion to dismiss for lack of jurisdiction or for summary denial; petitioners there have separately moved for voluntary dismissal) and in *Bohon v. FERC*, No. 20-5203 (in response to the Court's request for supplemental briefing; on July 7, 2023, the Court granted Mountain Valley's motion to extend deadline for supplemental briefs until August 7, 2023, and "to include the implications of Section 324").

In the Fourth Circuit, the impact of Section 324 is being litigated in *Appalachian Voices v. Dep't of Interior*, Nos. 23-1384, *et al.* (in response to motions to dismiss for lack of jurisdiction filed by the Federal respondents and Mountain Valley; oral argument held July 27, 2023).

In addition, on July 27, 2023, in response to Mountain Valley's emergency application, the Supreme Court vacated two stays of construction entered by the Fourth Circuit after the enactment of Section 324. *See* July 27, 2023 Order in *Mountain Valley Pipeline, LLC v. The Wilderness Soc'y, et al.*, No. 23A35, A-9.

## ARGUMENT

## I.   In Ratifying The Commission's Approvals, Congress Has Mooted Petitioners' Claims

The Court's jurisdiction is limited to live cases and controversies. U.S. Const. art. III, § 2. "At any point during a lawsuit, [the Court] must dismiss a case as moot if 'intervening events make it impossible to grant the prevailing party effective relief.'" *Friends of the Earth v. Haaland*, No. 22-5036, 2023 WL 3144203, *1 (D.C. Cir. Apr. 28, 2023) (per curiam) (quoting *Burlington N. R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996)).  In particular, "[w]here Congress enacts intervening legislation that definitively resolves the issues a litigant seeks to put before [the Court], the claims are moot and [the Court is] precluded from deciding them." *Nuclear Energy Inst. v. EPA*, 373 F.3d 1251, 1309 (D.C. Cir. 2004) (per curiam).  *See also Am. Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) (same).  Such is the case here.

Section 324(c)(1) provides that, "[n]othwithstanding any other provision of law," "Congress hereby ratifies and approves all authorizations," "extensions," "and any other approvals or orders issued pursuant to Federal law necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline." § 324(c)(1). Section 324(c)(2) further "directs" the Commission "to continue to maintain such authorizations," "extensions," and "approvals." § 324(c)(2). The text of Section 324(c)(1) clearly encompasses the Commission orders at issue – which authorized the resumption of, and extended the deadline for, Project construction – and precludes the issuance of any effective relief. *See* § 324(c)(1).

A similar circumstance recently arose in *Friends of the Earth v. Haaland*, where the Court dismissed as moot a challenge under the National Environmental Policy Act ("NEPA") to a Bureau of Ocean and Energy Management offshore lease decision. 2003 WL 3144203 at *1. After the district court vacated the Bureau's decision, but before the ensuing appeal was resolved, Congress enacted the Inflation Reduction Act. The statute directed the Secretary of the Interior to "'accept the

highest valid bid'" for each tract and then "'promptly issue to the high bidder a fully executed lease.'" *Id.* (citations omitted).

The Court explained that the challenged "leases [were] now being issued pursuant to the Inflation Reduction Act." *Id.* at *2. By placing a "nondiscretionary obligation" on the agency, the statute "makes clear that the issuance of the leases is no longer subject to NEPA." *Id.* at *2 (citing 40 C.F.R. § 1508.1(q)(1)(ii)). Therefore, even if the court were to agree with the challengers' NEPA claims, "the result will be the same: The highest bidders will receive their leases. So it is impossible for this court to grant the prevailing party effective relief." *Id.* at *1 (internal quotations omitted). *See also Nuclear Energy Inst.*, 373 F.3d at 1302 (intervening legislation that "independently approved" project site "rendered moot . . . challenges to the preceding site-selection-related actions of executive branch officials [and] federal agencies").

Here too, it is impossible to grant Petitioners effective relief. The Court's remand directed the Commission to either prepare a supplemental environmental impact statement regarding sedimentation issues or explain why such an analysis is not required. *See Sierra Club*, 68 F.4th at 652. The Commission has explained that,

with the passage of Section 324, the preparation of a supplemental environmental impact statement is unnecessary. *See* June 28 Order at P 9, A-6. After issuance of the Court's opinion, Congress ratified the Commission's prior approvals, "[n]otwithstanding any other provision of law," such as NEPA, and directed the Commission to maintain such authorizations. §§ 324(c)(1), (2). For this reason, the Commission advised that, upon issuance of the mandate, no further explanation or analysis would be necessary. *See* June 28 Order at P 9, A-6.

The period for seeking agency rehearing of the June 28 Order has elapsed and it is therefore no longer subject to challenge. *See supra* p. 4. Because any argument that Petitioners remain entitled to the relief sought in this case notwithstanding Section 324(c) would necessarily be a collateral attack on the June 28 Order, Petitioners' failure to challenge that order stands as an additional hurdle to granting any relief.

The combination of the foregoing events renders this case moot. Where, as here, post-decision events moot a case before the mandate has issued, this Court must still dismiss. *See Clarke*, 915 F.2d at 706. Its standard practice, in that circumstance, is to simultaneously vacate

the panel decision. *Id.*; *see also United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (en banc) (per curiam) (same).

## II. The Court Also Lacks Statutory Jurisdiction To Review The Underlying Agency Action

Dismissal of the consolidated petitions on mootness grounds would make it unnecessary to address Section 324's statutory jurisdictional bar.  But if the Court were to proceed to that issue, the Court should find that it lacks statutory jurisdiction to address the petitions.

Section 324(e)(1) provides that "no court shall have jurisdiction to review any action taken by" the Commission "that grants an authorization," or "extension," or "any other approval necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline."  § 324(e)(1).  The Commission orders challenged in these consolidated petitions authorize Project construction and extend the completion deadline.  *See Sierra Club*, 68 F.4th at 639-40 (describing challenged orders).  They thus fall squarely within Section 324(e)'s list of covered Project authorizations.

In such circumstance, Section 324(e)(1) withdraws jurisdiction from the Court.  It does so "[n]otwithstanding any other provision of law," *id.*, thereby superseding the National Gas Act's more general

10

grant of jurisdiction in 15 U.S.C. § 717r(b), which previously allowed this Court to adjudicate the consolidated petitions.  And that change in law defining the Court's jurisdiction applies to "any lawsuit pending in a court as of the date of enactment of this section."  § 324(e)(1). Although the Court has issued its opinion, the case remains "pending," and thus within the ambit of Section 324(e) because the mandate has not yet issued.  *See, e.g.*, *Merrimack River Sav. Bank v. City of Clay Ctr.*, 219 U.S. 527, 536 (1911) ("the appeal must be regarded as pending and undisposed of until a mandate issues").  Accordingly, the consolidated petitions may be dismissed for lack of jurisdiction.[2]

---

[2] The Commission further suggests that it would be appropriate for this Court to defer issuance of its mandate until after resolution of this motion, notwithstanding that the deadline for seeking rehearing is today.

## CONCLUSION

The Commission respectfully requests that, in light of intervening events, the Court dismiss the consolidated petitions for mootness or, alternatively, lack of statutory jurisdiction.

Respectfully submitted,

Matthew R. Christiansen
General Counsel

Robert H. Solomon
Solicitor

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Tel.:  (202) 502-8904
Fax:  (202) 273-0901
Email:  Robert.Kennedy@ferc.gov

July 31, 2023

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 1,947 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this filing has been prepared in Century Schoolbook 14-point font using Microsoft Word 365.


*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney


Federal Energy Regulatory
   Commission
Washington, D.C. 20426
Tel.: (202) 502-8904
Email: robert.kennedy@ferc.gov

July 31, 2023

# ADDENDUM

## <u>TABLE OF CONTENTS</u>

Fiscal Responsibility Act of 2023,
    Section 324 (June 3, 2023) .........................................................A-1

*Mountain Valley Pipeline, LLC,*
    183 FERC ¶ 61,221 (June 28, 2023) ........................................A-3

Order Vacating Stays in *Mountain Valley Pipeline, LLC v.*
    *The Wilderness Society, et al.,*
    S. Ct. No. 23A35 (July 27, 2023)..............................................A-9

PUBLIC LAW 118–5—JUN. 3, 2023        137 STAT. 47

SEC. 324. EXPEDITING COMPLETION OF THE MOUNTAIN VALLEY PIPE-
LINE.

(a) DEFINITION OF MOUNTAIN VALLEY PIPELINE.—In this sec-
tion, the term "Mountain Valley Pipeline" means the Mountain
Valley Pipeline project, as generally described and approved in
Federal Energy Regulatory Commission Docket Nos. CP16–10,
CP19–477, and CP21–57.

(b) CONGRESSIONAL FINDINGS AND DECLARATION.—The Con-
gress hereby finds and declares that the timely completion of
construction and operation of the Mountain Valley Pipeline is
required in the national interest. The Mountain Valley Pipeline
will serve demonstrated natural gas demand in the Northeast,
Mid-Atlantic, and Southeast regions, will increase the reliability
of natural gas supplies and the availability of natural gas at reason-
able prices, will allow natural gas producers to access additional
markets for their product, and will reduce carbon emissions and
facilitate the energy transition.

(c) APPROVAL AND RATIFICATION AND MAINTENANCE OF EXISTING
AUTHORIZATIONS.—Notwithstanding any other provision of law—

(1) Congress hereby ratifies and approves all authoriza-
tions, permits, verifications, extensions, biological opinions, inci-
dental take statements, and any other approvals or orders
issued pursuant to Federal law necessary for the construction
and initial operation at full capacity of the Mountain Valley
Pipeline; and

(2) Congress hereby directs the Secretary of the Army,
the Federal Energy Regulatory Commission, the Secretary of
Agriculture, and the Secretary of the Interior, and other agen-
cies as applicable, as the case may be, to continue to maintain
such authorizations, permits, verifications, extensions,
biological opinions, incidental take statements, and any other
approvals or orders issued pursuant to Federal law necessary
for the construction and initial operation at full capacity of
the Mountain Valley Pipeline.

(d) EXPEDITED APPROVAL.—Notwithstanding any other provi- Deadline.
sion of law, not later than 21 days after the date of enactment
of this Act and for the purpose of facilitating the completion of
the Mountain Valley Pipeline, the Secretary of the Army shall
issue all permits or verifications necessary—

(1) to complete the construction of the Mountain Valley
Pipeline across the waters of the United States; and

(2) to allow for the operation and maintenance of the Moun-
tain Valley Pipeline.

(e) JUDICIAL REVIEW.—

(1) Notwithstanding any other provision of law, no court
shall have jurisdiction to review any action taken by the Sec-
retary of the Army, the Federal Energy Regulatory Commission,
the Secretary of Agriculture, the Secretary of the Interior,
or a State administrative agency acting pursuant to Federal
law that grants an authorization, permit, verification, biological
opinion, incidental take statement, or any other approval nec-
essary for the construction and initial operation at full capacity
of the Mountain Valley Pipeline, including the issuance of any
authorization, permit, extension, verification, biological opinion,
incidental take statement, or other approval described in sub-
section (c) or (d) of this section for the Mountain Valley Pipeline,

A-1

137 STAT. 48          PUBLIC LAW 118–5—JUN. 3, 2023

whether issued prior to, on, or subsequent to the date of enact-
ment of this section, and including any lawsuit pending in
a court as of the date of enactment of this section.

(2) The United States Court of Appeals for the District
of Columbia Circuit shall have original and exclusive jurisdic-
tion over any claim alleging the invalidity of this section or
that an action is beyond the scope of authority conferred by
this section.

(f) EFFECT.—This section supersedes any other provision of
law (including any other section of this Act or other statute, any
regulation, any judicial decision, or any agency guidance) that is
inconsistent with the issuance of any authorization, permit,
verification, biological opinion, incidental take statement, or other
approval for the Mountain Valley Pipeline.

# DIVISION D—INCREASE IN DEBT LIMIT

31 USC 3101
note.
Time period.

**SEC. 401. TEMPORARY EXTENSION OF PUBLIC DEBT LIMIT.**

(a) IN GENERAL.—Section 3101(b) of title 31, United States
Code, shall not apply for the period beginning on the date of
the enactment of this Act and ending on January 1, 2025.

Effective date.

(b) SPECIAL RULE RELATING TO OBLIGATIONS ISSUED DURING
EXTENSION PERIOD.—Effective on January 2, 2025, the limitation
in effect under section 3101(b) of title 31, United States Code,
shall be increased to the extent that—

(1) the face amount of obligations issued under chapter
31 of such title and the face amount of obligations whose
principal and interest are guaranteed by the United States
Government (except guaranteed obligations held by the Sec-
retary of the Treasury) outstanding on January 2, 2025, exceeds

(2) the face amount of such obligations outstanding on
the date of the enactment of this Act.

(c) RESTORING CONGRESSIONAL AUTHORITY OVER THE NATIONAL
DEBT.—

Deadline.

(1) EXTENSION LIMITED TO NECESSARY OBLIGATIONS.—An
obligation shall not be taken into account under subsection
(b)(1) unless the issuance of such obligation was necessary
to fund a commitment incurred pursuant to law by the Federal
Government that required payment before January 2, 2025.

(2) PROHIBITION ON CREATION OF CASH RESERVE DURING
EXTENSION PERIOD.—The Secretary of the Treasury shall not
issue obligations during the period specified in subsection (a)
for the purpose of increasing the cash balance above normal

183 FERC ¶ 61,221
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Willie L. Phillips, Acting Chairman;
James P. Danly, Allison Clements,
and Mark C. Christie.

| Mountain Valley Pipeline, LLC | Docket Nos. | CP16-10-000 |
| | | CP21-57-000 |

ORDER AUTHORIZING ALL CONSTRUCTION ACTIVITIES

(Issued June 28, 2023)

1.      On June 26, 2023, Mountain Valley Pipeline, LLC (Mountain Valley) requested Commission approval to move forward with all remaining construction associated with the Mountain Valley Pipeline Project.

I.      **Background**

2.      On October 13, 2017, the Commission issued Mountain Valley a certificate of public convenience and necessity authorizing the construction and operation of the Mountain Valley Pipeline Project, a new interstate pipeline system designed to provide up to 2,000,000 dekatherms per day of firm natural gas transportation service from Wetzel County, West Virginia, to Transcontinental Pipe Line Company, LLC's Compressor Station 165 in Pittsylvania County, Virginia.[1] Mountain Valley commenced construction of the project in February 2018.[2]

3.      In July 2018, the U.S. Court of Appeals for the Fourth Circuit vacated the U.S. Forest Service's record of decision and the Bureau of Land Management's right-of-way grant that authorized the project to cross the Jefferson National

---

[1] *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043 (2017), *order on reh'g*,  163 FERC ¶ 61,197 (2018), *aff'd sub. nom. Appalachian Voices v. FERC*, No. 17-1271, 2019 WL 847199 (D.C. Cir. Feb. 19, 2019) (unpublished).

[2] *See* Mountain Valley's Weekly Status Report Nos. 14 and 15 (filed February 7 and 15, 2018, respectively) (construction did not commence until after February 2, 2018).

A-3

Docket Nos. CP16-10-000 and CP21-57-000                                    2

Forest.**3**  In response, Commission staff prohibited construction between mileposts 196.0 and 221.0, a 25-mile exclusion zone encompassing the two watersheds within which there is 3.5 miles of pipeline right-of-way that crosses the Jefferson National Forest.**4**  Subsequently, in December 2020, the Commission reduced the exclusion zone and allowed construction  to resume between mileposts 201.6 to 218.6, based on its finding that construction in   that area would not contribute sediment to any portion of the Jefferson National Forest.**5**

4.          In April 2022, the Commission issued an order amending Mountain Valley's certificate, approving, in part, a change in the crossing method for 183 waterbodies       and wetlands from open-cut to trenchless.**6**  In the order, the Commission explained     that construction associated with the amendment could not proceed until:  (1) Mountain Valley obtained authorization from the U.S. Army Corps of Engineers (Corps) to conduct the remaining open-cut crossings;**7** and (2) Endangered Species Act consultation for the amendment project was complete and the U.S. Fish and Wildlife Service (FWS) issued a new or revised Biological

---------------

**3** *Sierra Club, Inc. v. U.S. Forest Serv.*, 897 F.3d 582 (4th Cir. 2018). Subsequently, in January 2022, the Fourth Circuit vacated the U.S. Forest Service's renewed record of decision and the Bureau of Land Management's renewed right-of-way grant.  *Wild Va. v. U.S. Forest Serv.*, 24 F.4th 915 (4th Cir. 2022).

**4** *Mountain Valley Pipeline LLC*, Docket No. CP16-10-000 (August 29, 2018) (delegated order) (Director of OEP's August 29, 2018 Partial Authorization to Resume Construction Order).

**5** *Mountain Valley Pipeline, LLC*, 173 FERC ¶ 61,252 (2020).

**6** *Mountain Valley Pipeline, LLC*, 179 FERC ¶ 61,013 (2022).

**7** In November 2020, the Fourth Circuit issued a stay of Mountain Valley's Nationwide Permit 12 verifications, issued by the Corps for the project.  *Sierra Club v. U.S. Army Corps  of Eng'rs*, Nos. 20-2039 and 202042 (4th Cir. Nov. 9, 2020) (order granting stay); *Sierra Club v. U.S. Army Corps of Eng'rs*, 981 F.3d 251 (Dec. 1, 2020) (accompanying opinion).  The Corps' Nationwide Permit 12 verifications had authorized Mountain Valley, pursuant to section 404 of the Clean Water Act, to cross waters of the United States using an open-cut method, which was the crossing method approved in the Certificate Order.  On March 4, 2021, Mountain Valley filed an individual permit application with the Corps for the remaining open-cut crossings.

Opinion for the Mountain Valley Pipeline Project.[8]  The order further noted that before additional work could proceed in the Jefferson National Forest, the Commission must lift the existing exclusion zone.[9]

5.      On February 28, 2023, FWS issued a new Biological Opinion and Incidental Take Statement for the Mountain Valley Pipeline, as amended, thus concluding ESA consultation.

6.      On May 15, 2023, the U.S. Forest Service issued a record of decision and, on June 20, 2023, the Bureau of Land Management issued a right-of-way grant, authorizing the project to cross the Jefferson National Forest.

7.      On June 3, 2023, President Biden signed into law the Fiscal Responsibility Act of 2023.[10]  Section 324 of the Act, entitled "Expediting Completion of the Mountain Valley Pipeline," ratifies and approves all authorizations issued pursuant to Federal law necessary for the construction and operation of the Mountain Valley Pipeline Project, and directs the relevant agencies to maintain those authorizations.[11]  Section 324 further provides that it "supersedes any other provision of law (including any other section of th[e] Act or other statute, any regulation, any judicial decision, or any agency guidance) that is inconsistent with the issuance of any authorization, permit, verification, biological opinion, incidental take statement, or other approval for the Mountain Valley Pipeline."[12]

---

[8] FWS issued a Biological Opinion for the Mountain Valley Pipeline Project in November 2017.  The 2017 Biological Opinion was stayed by the Fourth Circuit in October 2019.  *Wild Va., Inc. v. Dep't of the Interior*, No. 19-1866 (4th Cir. Oct. 11, 2019) (order granting stay and holding case in abeyance).  Following reinitiated consultation, FWS issued a revised Biological Opinion for the project in September 2020.  In February 2022, the Fourth Circuit vacated the 2020 Biological Opinion.  *Appalachian Voices v. U.S. Dep't of the Interior*, 25 F.4th 259 (4th Cir. 2022).

[9] *Mountain Valley Pipeline, LLC*, 179 FERC ¶ 61,013 at P 150, n.268.

[10] Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, 137 Stat. 10 (2023).

[11] *Id.* § 324(c)(1)-(2), 137 Stat. at 47.

[12] *Id.* § 324(f), 137 Stat. at 48.

8.      On June 23, 2023, the Corps issued an individual permit for the Mountain Valley Pipeline, authorizing all remaining open-cut waterbody crossings.[13]

## II.    Discussion

9.      As noted, pursuant to section 324 of the Fiscal Responsibility Act of 2023, all issued Federal authorizations for the Mountain Valley Pipeline Project have been ratified by Congress.  We find that includes the authorizations subject to the remand in the    U.S. Court of Appeals for the District of Columbia Circuit's May 26, 2023 decision in *Sierra Club v. FERC*.[14]  Accordingly, we find that no further action in response to the remand is necessary and none will be forthcoming.

10.      Accordingly, Mountain Valley has all necessary authorizations for the Mountain Valley Pipeline Project.  Mountain Valley is therefore authorized to proceed with all remaining construction associated with the project.  Specifically, Mountain Valley is authorized to proceed with construction in the Jefferson National Forest,[15] and with all remaining waterbody crossings,[16] including waterbody crossings previously approved through the Commission staff variance process.[17]

---

[13] The Corps' permit also approves the trenchless crossing of five waterbodies that are subject to section 10 of the Rivers and Harbors Act.

[14] 68 F.4th 630 (D.C. Cir. 2023).

[15] As Mountain Valley acknowledges in its June 26 request, it cannot commence work in the Jefferson National Forest until it receives a notice to proceed from the Bureau of Land Management.

[16] Our authorization here is issued in lieu of a notice to proceed with construction from the Director of the Office of Energy Projects (OEP).  No further authorization from the Director of OEP is required before Mountain Valley can commence all outstanding construction on the project.

[17] *See, e.g.*, Commission Staff's May 18, 2020 Partial Approval of Variance Requests No. D-35 and G-12 (approving change in waterbody crossing method but not authorizing construction).

11.    We note that Order No. 871,[18] which precludes construction while the Commission considers certain requests for rehearing, is not implicated by this order, which implements the provisions of the Commission's initial certificate and amendment orders.[19]  Thus, Mountain Valley is authorized by the Commission to proceed with all construction activities at all locations in accordance with federal authorizations, notwithstanding any request for rehearing of this order.[20]

The Commission orders:

(A)    The construction prohibitions from the Director of OEP's August 29, 2018 Partial Authorization to Resume Construction Order, as subsequently modified by the Commission's December 17, 2020 order, are lifted.

(B)    Mountain Valley is authorized to proceed with all construction activities for the Mountain Valley Pipeline Project, including those approved in the Commission's April 8, 2022 amendment order, consistent with federal authorizations.

(C)    The Director of OEP may authorize any subsequently filed variances that the Director finds to be needed to complete construction of the Mountain Valley Pipeline Project.

By the Commission.

———————————

[18] *Limiting Authorizations to Proceed with Constr. Activities Pending Rehearing*, Order No. 871, 171 FERC ¶ 61,201 (2020) (promulgating 18 C.F.R. § 157.23), *order on reh'g and clarification*, Order No. 871-A, 174 FERC ¶ 61,050, *order on reh'g and clarification*, Order No. 871-B, 175 FERC ¶ 61,098, *order on reh'g and clarification*, Order No. 871-C, 176 FERC ¶ 61,062 (2021).

[19] Order No. 871-B, 175 FERC ¶ 61,098 at P 17 ("To the extent that a non-initial order merely implements the terms, conditions, or other provisions of an initial authorizing order—such as a delegated order issuing a notice to proceed with construction, approving a variance request, or allowing the applicant to place the project, or a portion thereof, in service—a request for rehearing of that order would not implicate the initial authorizing order and so we agree that the rule would not apply.").

[20] Section 324 of the Fiscal Responsibility Act of 2023 provides that no court shall have jurisdiction to review any action taken by the Commission granting any approval necessary for the construction of the Mountain Valley Pipeline Project.  Fiscal Responsibility Act of 2023, § 324(e)(1), 137 Stat. at 47-48.

( S E A L )


                                        Debbie-Anne A. Reese,
                                        Deputy Secretary.

(ORDER LIST:  600 U.S.)

THURSDAY, JULY 27, 2023

ORDER IN PENDING CASE

23A35        MOUNTAIN VALLEY PIPELINE, LLC V. WILDERNESS SOCIETY, ET AL.

The application to vacate stays presented to The Chief Justice and by him referred to the Court is granted.  The July 10, 2023 stay orders of the United States Court of Appeals for the Fourth Circuit, case Nos. 23-1592 and 23-1594, and the July 11, 2023 stay order of the Fourth Circuit, case No. 23-1384, are hereby vacated.  Although the Court does not reach applicant's suggestion that it treat the application as a petition for a writ of mandamus at this time, that determination is without prejudice to further consideration in light of subsequent developments.

**A-9**

## CERTIFICATE OF SERVICE

I hereby certify that, on July 31, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney