ORAL ARGUMENT HELD ON APRIL 7, 2022
DECISION ISSUED ON MAY 26, 2023

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 20-1512 (Consolidated with No. 21-1040)

APPALACHIAN VOICES; CHESAPEAKE CLIMATE ACTION NETWORK;
INDIAN CREEK WATERSHED ASSOCIATION; PRESERVE CRAIG; SAVE
MONROE; SIERRA CLUB; WEST VIRGINIA RIVERS COALITION; and
WILD VIRGINIA,

*Petitioners,*

v.

FEDERAL ENERGY REGULATORY COMMISSION,

*Respondent.*

On Petition for Review of Orders of the Federal Energy Regulatory Commission,
173 FERC ¶ 61,026 (Oct. 9, 2020), 173 FERC ¶ 61,027 (Oct. 9, 2020),
173 FERC ¶ 62,130 (Dec. 9, 2020), and 173 FERC ¶ 61,222 (December 11, 2020)

**PETITIONERS' RESPONSE TO RESPONDENT FEDERAL ENERGY
REGULATORY COMMISSION'S MOTION TO DISMISS**

Respondent Federal Energy Regulatory Commission ("FERC") moves to dismiss as moot the consolidated petitions for review, which this Court granted in part in an opinion issued on May 26, 2023 ("Opinion"), and seeks vacatur of the Court's Opinion. FERC makes two arguments in favor of mootness. First, it argues that the passage of the Fiscal Responsibility Act of 2023, provisions of which

purport to "ratify and approve" all permits and authorizations necessary for the construction and initial operation of the Mountain Valley Pipeline ("MVP"), moots Petitioners' challenge. Resp't Mot. at 3–4, 6–9. Second, it argues that FERC's issuance of a June 28, 2023 order authorizing "all remaining construction associated with the project" ("2023 Construction Order")—for which the deadline to seek rehearing has now passed without challenge—renders the petitions moot. Resp't Mot. at 4–5, 9–10. Petitioners concede that, on the unique factual scenario presented here, and in accord with the mootness analysis in the Court's Opinion in this case, the 2023 Construction Order supersedes the previously challenged construction orders and renders Petitioners' challenge moot. The Court should rule on that narrow ground and need not engage Respondent's broader statutory argument.

Further, because the mootness resulted directly from the actions of Respondent, at the request of Intervenor Mountain Valley Pipeline, LLC ("Mountain Valley"), the extraordinary remedy of vacatur of the Court's Opinion is inappropriate and the Opinion should be left in place.

## I. FERC's June 28, 2023 Order Renders Petitioners' Challenge to the Construction Orders Moot

In this case, Petitioners sought review of three FERC orders issued in late 2020: two orders authorizing construction of the MVP ("2020 Construction Orders") and a separate order extending the deadline for completion of

2

construction from October 2020 to October 2022 ("First Extension Order"). *See Sierra Club v. FERC*, 68 F.4th 630, 639–40 (D.C. Cir. 2023). After the case had been argued but prior to issuance of the Court's Opinion, FERC issued an order further extending Mountain Valley's construction deadline to October 2026 ("Second Extension Order"). *Id.* at 641.

In its Opinion, the Court found that FERC's issuance of the Second Extension Order mooted Petitioners' challenge to the First Extension Order. The Court explained that the First Extension Order had "been superseded by a subsequent order that now governs" such that a "decision on the First Extension Order's validity thus would 'neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Id.* at 643 (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990)). The Second Extension Order was based on different facts than and involved separate legal conclusions from the First Extension Order, such that any challenge to the Second Extension Order would "require review of a different record from the one on which the [First Extension Order was] issued." *Id.* at 644 (quoting *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 264 F. App'x 10, 13 (D.C. Cir. 2008)).

So too does the 2023 Construction Order supersede the challenged 2020 Construction Orders. In its recent order, FERC authorized Mountain Valley to "move forward with all remaining construction associated with the project."

3

USCA Case #20-1512   Document #2011745   Filed: 08/10/2023   Page 4 of 12

*Mountain Valley Pipeline, LLC*, 183 FERC ¶ 61,221, P 10 (2023). The scope of the order thus fully encompasses and supplants the authorizations given in the 2020 Construction Orders. Further, FERC's 2023 Construction Order was issued against a distinct factual background and relied on distinct legal justifications from the 2020 Construction Orders. *See, e.g.*, 183 FERC ¶ 61,221, PP 4–10. Accordingly, Petitioners concede that, on the unique facts presented here, the 2023 Construction Order moots their challenge to the 2020 Construction Orders. *See Sierra Club*, 68 F.4th at 643–44.

The Court should find mootness based on that "narrower ground" and not unnecessarily "plunge into the thicket" of Respondent's statutory arguments (and the constitutional separation-of-powers questions they present). *See Anthony Crane Rental, Inc. v. Reich*, 70 F.3d 1298, 1307 (D.C. Cir. 1995); *see also Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009) (explaining that courts should "not decide a constitutional question if there is some other ground upon which to dispose of the case").

**II.  The Extraordinary Remedy of Vacatur of the Court's Opinion Is Inappropriate Under the Circumstances**

In addition to seeking dismissal, FERC also asks the Court to vacate its Opinion, claiming it is the Court's "standard practice" to grant such relief. Resp't Mot. at 2. But "[i]t is [FERC's] burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate . . . entitlement to the extraordinary

4

remedy of vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, (1994) ("*Bancorp*") (refusing to vacate Court of Appeals' opinion and judgment where mootness was caused by actions of the party seeking vacatur); *see also Azar v. Garza*, 138 S. Ct. 1790, 1793 (2018) (explaining that "not every moot case will warrant vacatur"). The "prime reason for vacatur [is] to protect the losing party from the collateral effects of a judgment that it might have been able to have overturned but for the mooting event."[1] *Clarke v. United States*, 915 F.2d 699, 706–07 (D.C. Cir. 1990) (en banc); *see also Bancorp*, 513 U.S. at 25 (explaining that under the "equitable tradition of vacatur" a "party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment"). Where, however, the party seeking vacatur itself caused or assented to the mooting event, that concern does not exist and the extraordinary equitable remedy is not appropriate. *Bancorp*, 513 U.S. at 24–28 (discussing the "lack of equity of a litigant who has voluntarily abandoned review").

---

[1] As explained below, the "collateral effects" of the Court's opinion are limited to its application as precedent in separate controversies. Because the 2023 Construction Order authorized *all* construction on the MVP, and because the time for seeking rehearing of that order has passed, FERC's conclusion in that order that it need not perform the supplemental environmental analysis suggested by this Court's Opinion stands unchallenged.

5

Respondent cites this Court's en banc opinion in *Clarke v. United States* for the proposition that vacatur is the "standard practice" when a challenge becomes moot after a decision is published but before the mandate issues. Resp't Mot. at 2. (citing 915 F.2d at 706). *Clarke* relies on dictum in the Supreme Court's decision in *United States v. Munsingwear,* 340 U.S. 36 (1950), to support the quoted statement. 915 F.2d at 706–07. But the Supreme Court made clear in *Bancorp*—decided four years after *Clarke*—that vacatur is *not* the standard remedy when the party seeking vacatur caused or acquiesced to the mooting event. The Court there criticized *Munsingwear*'s dictum that vacatur is the "established practice" any time a controversy becomes moot prior to final judgment, noting that the practice was not at all uniform at the time of *Munsingwear* nor had it been following that decision. *Bancorp*, 513 U.S. at 23–24 (citing cases dismissing for mootness without vacatur before and after *Munsingwear*). The Supreme Court went on to explain that, instead of reflexively granting vacatur, courts must "dispose[] of moot cases in the manner 'most consonant to justice' . . . in view of the nature and character of the conditions which have caused the case to become moot." *Id.* at 24 (quoting *United States v. Hamburg–Amerikanische Packetfahrt–Actien Gesellschaft,* 239 U.S. 466, 477–78 (1916)) (modifications original). The "principal condition" to which the courts have looked in performing that analysis is "whether the party seeking relief from the judgment below caused the mootness by

6

voluntary action." *Id.* Where a party has "voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari" he has "surrender[ed] his claim to the equitable remedy of vacatur." *Id.* at 25.[2]

Here, the mooting event was FERC's issuance of the 2023 Construction Order. Mootness was not the result of "happenstance" or the "unilateral action of the party who prevailed in the lower court," *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71–72 (1997), but rather the affirmative action of the party now seeking vacatur of the Court's Opinion. Respondent does not argue that it would have sought en banc review or petitioned for certiorari of the Court's Opinion but for intervening events beyond its control. Indeed, FERC's 2023 Construction Order became final and unreviewable before the mandate could issue, thus mooting Petitioners' challenge and prompting FERC's motion, only because Mountain Valley—not FERC—moved for and was granted an extension of the deadline to seek rehearing. *See* July 3, 2023 Motion [Dkt. No. 2006277]; July 7, 2023 Order [Dkt. No. 2006871]. Accordingly, FERC's "voluntary forfeiture of

---

[2] In *Bancorp*, the party seeking vacatur had forfeited its ability to appeal the order for which vacatur was sought by entering into a settlement that mooted the controversy. *Id.* at 25–26.

review constitutes a failure of equity" that renders the extraordinary remedy of vacatur inappropriate. *Bancorp*, 513 U.S. at 26.[3]

In addition to the balance of equities, the public interest also counsels against vacating the Court's Opinion. "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Bancorp*, 513 U.S. at 26–27 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). This Court has explained that the existence of precedent, even one pertaining to a later mooted controversy, holds value to future litigants that can "reason[] by analogy." *Clarke*, 915 F.2d at 708. The Court's Opinion thus remains valuable to FERC practitioners and others who seek to litigate similar issues. FERC has cited no reason why vacatur, in addition to dismissal, serves the public interest. FERC has thus failed to carry its burden to demonstrate that it is entitled to the extraordinary equitable remedy of vacatur of the Court's Opinion.

---

[3] *Bancorp* further makes clear that Petitioners' decision not to challenge the 2023 Construction Order cannot tip the balance of equities in favor of vacatur. *See Bancorp*, 513 U.S. at 26 (explaining that the party seeking vacatur may not overcome its burden by pointing to the fact that the opposing party also chose to settle).

## CONCLUSION

Petitioners concede that, on these facts, the 2023 Construction Order supersedes the 2020 Construction Orders and thus moots the petitions for review of those orders. The Court thus need not reach Respondent's statutory arguments. Because the mootness resulted from Respondent's actions, the Court should not vacate its Opinion in this matter.

Dated: August 10, 2022

                                      Respectfully submitted,

                                      */s/ Benjamin A. Luckett*
                                      Benjamin A. Luckett
                                      Senior Attorney
                                      Appalachian Mountain Advocates
                                      P.O. Box 507
                                      Lewisburg, WV 24901
                                      (304) 873-6080
                                      bluckett@appalmad.org

                                      Elizabeth F. Benson
                                      Sierra Club
                                      2101 Webster Street, Ste. 1300
                                      Oakland, California 94612
                                      (415) 977-5723
                                      elly.benson@sierraclub.org

                                      *Counsel for Sierra Club, Appalachian Voices, Chesapeake Climate Action Network, West Virginia Rivers Coalition, and Wild Virginia*

                                      Julie Gantenbein
                                      WATER AND POWER LAW GROUP PC
                                      2140 Shattuck Ave., Suite 801

Berkeley, CA 94704
(510) 296-5588
jgantenbein@waterpowerlaw.com

*Counsel for Indian Creek Watershed Association, Preserve Craig, and Save Monroe*

## CERTIFICATE OF COMPLIANCE

This Response complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because this Response contains 1,794 words. Microsoft Word 2017 computed the word count.

This Response complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6), as required by Rule 27(d)(1)(E), because this brief has been prepared in a proportionally spaced typeface (Microsoft Word 2017 Times New Roman) in 14-point font.

Dated: August 10, 2023

/s/ Benjamin A. Luckett
Benjamin A. Luckett
D.C. Circuit Bar No. 54227
Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
(304) 873-6080
bluckett@appalmad.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF System and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

*/s/ Benjamin A. Luckett*
Benjamin A. Luckett
Senior Attorney
Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
(304) 873-6080
bluckett@appalmad.org
